EUNG B. KIM AND PIL S. KIM, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kim v. Commissioner
Docket No. 15741-88
United States Tax Court
T.C. Memo 1991-288; 1991 Tax Ct. Memo LEXIS 329; 61 T.C.M. (CCH) 3022; T.C.M. (RIA) 91288; June 27, 1991, Filed *329 Decision will be entered for the respondent. Sang Hyun Kang, for the petitioners. Thomas Travers and Carolyn A. Arnold, for the respondent. PARR, Judge. PARR
MEMORANDUM OPINION Respondent determined deficiencies in and additions to tax against petitioners as follows: Additions to tax under sections
Taxable Year Ending
Deficiency
6653(a)(1)
6653(a)(2)
6661(a)
December 31, 1984
$ 150,981
$ 7,549
*
$ 37,745
December 31, 1985
190,305
9,515
*
47,576
December 31, 1986
191,417
[1] 9,571
[2]*  47,854
$ 532,703
$ 26,635
$ 133,175
Unless otherwise indicated, all section references are to the Internal Revenue Code as amended and in effect for the taxable years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. At the conclusion of petitioners' case, respondent orally *330 moved for partial summary judgment on the issue of the correctness of the determined deficiencies. [3] The motion was granted because petitioners failed to present any evidence to the contrary and conceded that they had no evidence to the contrary. Accordingly, the issues remaining for decision are (1) whether petitioner Eung B. Kim owned the Chez Claudine massage parlor (Claudine's) and is, therefore, liable for the deficiencies as determined by respondent; (2) if so, whether petitioners are liable for the additions to tax under section 6653(a) for negligence; and (3) whether petitioners are liable for the addition to tax under section 6661(a) for substantially understating their income tax. *331 Petitioners resided in Los Angeles, California, when they filed their petition for redetermination with this Court. Petitioners were married at all times during the years in issue and filed joint Federal income tax returns each year. Unless otherwise indicated all references to petitioner in the singular are to Eung B. Kim. For convenience we combine our findings of fact and opinion for each issue. OWNER OF CLAUDINE'S
Petitioners allege they are not liable for the deficiencies as determined because petitioner did not own Claudine's [4] but merely allowed Young Souk [5] Kim (the true owner) to use his name as its record owner. Thus, petitioners seek to disavow the form of Claudine's ownership and prove they had no interest or control over Claudine's, and received no benefit therefrom. Respondent contends that petitioners owned Claudine's during the years in issue and that petitioners failed to prove otherwise. *332 After considering the testimony, the witnesses' credibility, and the documents introduced, we find petitioner's testimony on this issue inconsistent and untrustworthy. On July 6, 1987, petitioner stated to Revenue Agent Dave Boyd, in the presence of Revenue Officer Michael Finne and Hyung Park (Claudine's or petitioner's attorney), that he (petitioner) purchased Claudine's in 1981 for $ 30,000 and that he was the sole owner of the establishment. He also stated that Young Souk Kim (Ms. Kim) was the manager. Petitioner's statements support those made on June 1, 1987, by Simon Kim, Claudine's accountant/bookkeeper, to Mr. Finne. It was not until December 29, 1989, over two years after the IRS first began its examination and one month before trial, that petitioner first claimed he was not the owner of Claudine's. Additionally, petitioner held himself out to the public as the owner/operator of Claudine's for over six years. In 1981 petitioner applied to and received from the City of Huntington Beach a business license and a permit to operate Claudine's. He listed himself as its sole owner on the license application and signed it under penalties of perjury. On August 28, 1981, *333 the application was approved. To obtain the permit, petitioner submitted an application to the Huntington Beach Police Department. Each permit contains petitioner's photograph and was posted on the business' premises in public view. Thereafter, and for the years in issue, petitioner reapplied for and received renewals of his license and permit to operate Claudine's. Furthermore, petitioners' joint Federal income tax returns for all years in issue contained a Schedule C listing their names as Claudine's proprietor(s), and reporting income and claiming deductions therefrom. Petitioners also paid self-employment tax on the net profit therefrom. All three returns were signed under penalties of perjury. Petitioner also filed various forms with the Franchise Tax Board as the owner of Claudine's. Petitioner now asserts, under oath and penalties of perjury, that he never actually owned Claudine's. Based on the foregoing, we can only conclude that either petitioner owned Claudine's during the years in issue and is lying to the Court, or that petitioners filed false tax returns when they claimed petitioner owned Claudine's. Either alternative makes petitioner's uncorroborated testimony *334 on this issue totally unreliable. Accordingly, we do not rely on it in reaching our decision. Petitioners, moreover, failed to call those individuals who could have corroborated petitioner's testimony.[6] A party's failure to introduce evidence, including the calling of a witness, within his possession which, if true, would be favorable to him, gives rise to the presumption that if produced it would be unfavorable. , affd. . See . Without any corroborating evidence, we find petitioners failed to carry their burden of proof. [7]
*335 Based on the foregoing, we find petitioners liable for the deficiencies as determined by respondent for the years in issue. ADDITIONS TO TAX
Negligence
The next issue for decision is whether petitioners are liable for the additions to tax for negligence. Section 6653(a)(1) for 1984 and 1985, and section 6653(a)(1)(A) for 1986, provides for an addition to tax if any part of an underpayment is due to negligence or intentional disregard of rules and regulations. Section 6653(a)(2) for 1984 and 1985, and section 6653(a)(1)(B) for 1986, imposes an additional amount equal to 50 percent of the interest payable under section 6601 on the portion of the underpayment attributable to negligence. Negligence is defined as a lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. . Petitioners bear the burden of proving they exercised due care and were reasonable in their reliance. Rule 142(a). Petitioners did not present any evidence to prove they were not negligent in failing to report all taxable income from Claudine's. They simply assert that petitioner *336 is not the owner and therefore they are not liable for any of the additions. We found petitioner husband owned Claudine's and petitioners are therefore liable for the deficiencies. Accordingly, they are liable for the additions to tax for negligence as determined by respondent. Substantial understatement
The final issue for decision is whether petitioners are liable for the 25-percent [8] addition for substantial understatement of income tax under section 6661 for taxable year 1984. Petitioners bear the burden of proof on this issue. Rule 142(a). An understatement is substantial if it exceeds the greater of $ 5,000 or 10 *337 percent of the tax required to be shown on the return. Sec. 6661(b)(1)(A). However, the amount of the understatement is reduced (for section 6661 purposes) by the portion of the understatement which is attributable to the taxpayer's treatment of an item for which there was "substantial authority," or if the relevant facts affecting the item's tax treatment are "adequately disclosed" on the return, or in a statement attached thereto. Sec. 6661(b)(2)(B)(i) and (ii). Petitioners did not offer "substantial authority" for their understatement, or "adequately disclose" any facts affecting the tax treatment of the items in issue. See secs. 1.6661-3 and -4, Income Tax Regs. Accordingly, we sustain respondent's determination as set forth in the notice of deficiency. Based on the foregoing, Decision will be entered for the respondent.
Footnotes
*. 50 percent of the interest due on the entire deficiency for each taxable year, respectively.↩
1. Under section 6653(a)(1)(A).↩
2. Under section 6653(a)(1)(B).↩
3. If we find petitioner owned Claudine's, then the parties agree petitioners failed to report gross income of $ 703,784, $ 685,984, and $ 683,389 from the Chez Claudine massage parlor in 1984, 1985, and 1986, respectively; are entitled to deduct $ 292,390, $ 283,490, and $ 277,900 as wages paid in 1984, 1985, and 1986, respectively; and are liable under section 1401(a) for self-employment tax of $ 4,271, $4,673, and $ 5,166 in 1984, 1985, and 1986, respectively.↩
4. This issue was raised for the first time at trial and was tried by the consent of the parties under Rule 41(b)(1).↩
5. Ms. Kim's name appears on various documents with different spellings, e.g., Young Sook Kim, Young Suk Kim, and Yung Sok Kim.↩
6. Petitioners could have called Ms. Kim, Simon Kim, or Mr. Park to help corroborate petitioner's testimony, but did not. The only excuse given for their failure to call any of these individuals was that petitioners' counsel had not had enough time because he had only been on the case for one month.↩
7. Additionally, we note that the signatures and writing on all checks admitted into evidence look very similar, although the names are different. Additionally, the three signatures appearing on the last page of the indemnification agreement (attached to petitioners' motion for summary judgment) also appear to be similar handwriting.↩
8. The Omnibus Budget Reconciliation Act of 1986, Pub. L. 99-509, sec. 8002(a), 100 Stat. 1874, 1951, increased the section 6661(a) addition to tax to 25 percent of the underpayment attributable to a substantial understatement for additions to tax assessed after October 21, 1986. Since the additions will not be assessed until the Court's decision is final, the 25-percent rate applies.↩